## HOSAC v IDORA PARK AMUSEMENT CO

Ohio Appeals, 7th Dist, Mahoning Co
Decided Oct 3, 1930

'W. S. Metcalfe, Youngstown, for Hosac.
Barnum, Hammond, Stephens & Hoyt, Youngstown, for Amusement Co.

**ROBERTS, J.**

The issues in this case present a somewhat unusual question or issue. It will be conceded, I take it, that under the general rules relating to the duties and rights and liabilities of landlord and tenant, that there would be no liability on the part of the park company for injuries sustained by reason of the operation of this device by

a concessioner. It is disclosed by the evidence that this concession, one of numerous of like nature being operated at Idora Park, was operated upon what may be called a "participating lease"; that is, a certain space was set aside or leased to the concessionaire, and as remuneration for the concession a certain percentage of the income taken from the public was paid to the amusement company. Under conditions somewhat similar to those involved in this case a line of decisions has developed substantially a new rule, or recognized a liability which did not exist under the old law of landlord and tenant. In this case, however, attention is directed to this allegation of the petition:

"And the plaintiff avers that said defendant was negligent in respect to said injuries, in that said employe of said defendant in charge of said 'Tilt-A-Whirl', crowded and jostled and pushed said children," etc.

This alleges that the attendant who perpetrated the wrongful act of crowding the children was the employe of the amusement park company, while it is undisputed now, I take it, that this person was not an employe of the Idora Park Company, but was the employe of the concessionaire operating the "Tilt-A-Whirl". This is a distinction of some importance.

The general rule of liability recognized by a considerable number of authorities and by counsel on either side of this case, is that under such conditions and circumstances that a liability or duty rests upon the park company, where a device similar to this is operated by a concessionaire, to exercise some supervision and incur some liability for obvious defects in the machinery itself, or in its operation. Counsel for plaintiff in error cite as follows:

"The owners of an amusement park who receive a percentage of the receipts of the concessionaire as compensation for the concession, assumes an obligation that the devices and attractions are reasonably safe for the purpose for which the public is invited to use them."

This authority, which is 34 L.R.A., N.S., 659, recognizes an obligation on the part of the park company that the device is reasonably safe. Does the liability go beyond that which is expressed in this authority and render the amusement park company liable for the negligent act of an employe of the concessionaire which is not a defect in the device itself or in its operation, that

is, the operation of the machine? Remember that this child was injured in going upon the approach to the machine.

Another authority cited:

"In those cases the doctrine of respondeat superior does not apply to the owners, but an amusement place where a space is granted for conducting attractions for the amusement of the public and for which an admission fee is charged by the concessionaire and divided with the owner, there is an unanimity of authority that the owner assumes an obligation that the devices and attractions operated by the concessionaires are reasonably safe for the purpose for which the public is invited to use them, and this does apply not to concessionaires alone but to management and operation where the devices are of a character likely to produce injuries unless due care is observed in its operation."

Other authorities along this line are cited and quoted in brief. Perhaps the latest case is found in 61 A. L. R., 1230, Frear v Manchester Traction, Light and Power Company, and this case is followed by a very exhaustive annotation of somewhat similar cases and takes up annotations and continues them in several other volumes of the A. L. R. Reports, commencing with the 22nd. Paragraph 5 of the syllabus reads as follows:

"The advertisements by a street railway company, of an amusement park under its control as a public resort with invitation to patronize a Ferris Wheel there located creates a relation between it and persons coming upon said premises in response to the invitation which are rendered as liability for injuries due to defects to the apparatus which could have been avoided by the use of due care although the wheel was actually operated by and under the control of a concessionaire."

Counsel seem to be in accord in argument upon this case that this as just read is a statement of the law, but they do not agree as to whether this rule is applicable to the issues and facts in the instant case, counsel for the plaintiff claiming that it is, and the attorney upon the other side claiming that it is not. This rule as stated, it will be observed, places a liability or duty upon the park company to exercise reasonable supervision over such devices for obvious defects in the machine, and perhaps defective operation. While it was said in one of the authorities which has just been read

that this is the uniform rule, our research has resulted in finding a considerable number of authorities holding that even under conditions like the case last cited there is no liability. However, we think that the weight of authority is in favor of the law as stated by this and the other cases cited.

Now, it is conceded by counsel on both sides that their effort and industry has not resulted in the discovery of a case precisely upon the proposition of liability of the park company for the conduct of an employee of a concessionaire, but it is reasoned by counsel for plaintiff in error by analogy that the rule properly extends to such circumstances and should be applied in this case. It is apparent that under the rule as read in these citations that the park company would have an opportunity to scrutinize the device, observe the manner of its operation, and if in the exercise of reasonable care this was done, and a condition thought to be dangerous or improper discovered, might take such action as would tend to relieve from the danger, but this accident in this case was the result of an act of a person employed by the concessionaire. There is no allegation in the petition that this man was an improper person to perform this duty, that he was negligent, careless or inefficient in any way. He may have been the regular employe to see to children getting upon the machine; he may have been some one who was employed and called upon to perform this duty for the first time on the occasion in question. The evidence does not disclose anything upon that proposition, but it may be readily recognized that a very serious burden would be placed upon the park company if it were responsible for the conduct of the employe, the operator of the device, because the park company would have no opportunity to know by whom this work was to be performed, whether by a competent or incompetent person, with no right to dismiss or discharge. It involves a hazard which could not be foreseen reasonably or be protected from by the amusement company. If the fact had developed, as alleged in the petition, that this man was an employe of the amusement company, or the park company, then presumably no difficulty would be encountered in recognizing the liability of the park company on the principle that it is liable for its own conduct, including that of its employe.

This is an interesting question, to which counsel have given much consideration, and the efforts of counsel have been supplemented by those of this court in making quite an exhaustive search in an effort to discover decisions involving the precise or a substantially similar question to that presented in this case, without, however, being able to find authority which recognizes liability under these conditions, and the conclusion is therefore reached that the trial court did not err in directing a verdict, and the judgment of the Court of Common Pleas is affirmed.

POLLOCK and FARR, JJ, concur.